UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAYVON R. FLEMMING,

                    Plaintiff,

    v.                                    Case No. 25-cv-1108-pp

MICHAEL R. NATZKE,

                    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Jayvon R. Flemming, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant used excessive force against him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On August 8, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $2.17. Dkt. No. 5. The court received that fee on September 10, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The complaint names Michael R. Natzke as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that on December 21, 2022, unspecified staff were moving him to observation status because he had threatened to harm himself and showed staff "a sharp metal object." Id. at 2. He says that staff told him that they would place him "on a board which is bed restraints." Id. Staff placed the plaintiff in handcuffs and restraints, led by defendant Natzke and his assembled "suit up team." Id. The plaintiff says that the "suit up team" wore "padded gear to protect them," and that they "had full control" while removing him from his cell. Id.

The plaintiff alleges that as staff were removing him from his cell to place him "on the board," Natzke used his taser on the plaintiff, hitting him in his upper chest and neck area. Id. at 3. The plaintiff says that he experienced severe pain, and his left side went numb. Id. He says that Natzke used his taser because the plaintiff "was talking and using dead weight tactics so his staff had a hard time moving [him]." Id. The plaintiff says that he was not attempting to harm himself or staff, and that Natzke simply "wanted to inflict as much pain as possible on plaintiff." Id. He reiterates that Natzke had no reason to use his taser because the plaintiff was in handcuffs and shackles, and there were multiple staff handling him. Id.

The plaintiff claims that Natzke's actions violated his rights because the use of the taser was unnecessary and excessive. Id. He seeks $250,000 in damages. Id. at 4.

C.      Analysis

The plaintiff's allegations amount to a claim of excessive force, which violates the Eighth Amendment's prohibition of cruel and unusual punishments. See Jones v. Anderson, 116 F.4th 669, 677 (7th Cir. 2024) (citing Hudson v. McMillian, 503 U.S. 1, 5 (1992)). An Eighth Amendment claim consists of an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a claim of excessive force, the plaintiff must show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" Hudson, 503 U.S. at 8 (quoting Wilson v. Seiter, 501 U.S. 294,

4

303 (1991)). The court may consider factors including "'the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." Jones, 116 F.4th at 677 (quoting Fillmore v. Page, 358 F.3d 496, 504 (7th Cir. 2004)). The primary question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320–21 (1986).

The plaintiff alleges that multiple staff members placed him in restraints to move him to observation status after he threatened to self-harm. He says that while he was restrained, he talked back to staff and used "dead weight" tactics to make it difficult for staff to restrain him and remove him from his cell. He alleges that Natzke used his taser on the plaintiff in response. Prison officials are authorized to use force, including a taser, to gain compliance from a resisting or non-compliant incarcerated person. See Lewis v. Downey, 581 F.3d 467, 477 (7th Cir. 2009) ("In many circumstances . . . compelling compliance with an order is a valid penological justification for use of a taser."). But officials may not use a taser in *all* instances of non-compliance. What determines whether the use of force was justified "is whether the facts surrounding the taser's deployment . . . demonstrate[ ] actual malice or sadistic purpose on the part of the user." Id.

The plaintiff concedes that he was resisting the officers' extraction of him from his cell by acting as "dead weight," and he says that he was talking back.

5

But he maintains that Natzke's use of a taser was unwarranted because the plaintiff posed no threat to himself or the other correctional officers, and he already was restrained with handcuffs and shackles when Natzke tased him. The plaintiff also asserts that Natzke intended to cause him harm by using his taser, but this speculative allegation cannot support a claim under §1983. See Hanks v. Hubbard, Case No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing Twombly, 550 U.S. at 554–56). Nonetheless, the complaint alleges enough facts that the court must accept as true to allow the inference that Natzke's use of force on the plaintiff—who was restrained and posed no threat of harm—was excessive and unnecessary. Construing the facts in the plaintiff's favor, the court concludes that the plaintiff sufficiently states an Eighth Amendment claim against Natzke.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Michael R. Natzke. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$347.83** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is incarcerated.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 16th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**